## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **LASHONDRA MOORE** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION NO.: 17-500** |
| v. ) | |
| ) | |
| **GPS HOSPITALITY PARTNERS** ) | |
| **IV, LLC D/B/A** ) | |
| **BURGER KING** ) | |
| ) | **JURY DEMAND** |
| **Defendant.** ) | |

## COMPLAINT

COMES NOW, Plaintiff, Lashondra Moore, in the above styled matter, and files this Complaint against Defendant, GPS Hospitality Partners IV, LLC d/b/a Burger King, for causes of action would respectfully show the following:

1. This is an action for declaratory judgment, equitable relief, and money damages, instituted to secure the protection of and to redress the deprivation of rights secured through the Family Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601, *et seq.*, in interference with and in retaliation for the Plaintiff asserting her rights under 29 U.S.C. § 2601, *et seq.* The Plaintiff requests a jury trial pursuant to 42 U.S.C. § 1981a.

## JURISDICTION AND VENUE

2. This Court has jurisdiction in accordance with 28 U.S.C. § 1331 and 29 U.S.C. § 2617.

3. The unlawful employment practices alleged herein were committed by the Defendant within Mobile County, Alabama. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

5. Plaintiff, Lashondra Moore (hereinafter "Plaintiff" or "Moore"), is a female citizen of the United States, a resident of the State of Alabama, and a former employee of Defendant GPS Hospitality Partners IV, LLC.

6. Plaintiff was an eligible employee under the FMLA in that she worked for the Defendant for more than 12 months and had worked more than 1250 hours of service within the preceding 12 months and had worked at a location where at least 50 employees were employed within 75 miles of Plaintiff's worksite.

7. Defendant, GPS Hospitality Partners IV, LLC d/b/a Burger King, (hereinafter "Defendant" or "GPS"), is a private corporation operating a fast food business Mobile County, Alabama and the surrounding areas, where it employs 50 or more employees. The Defendant employed 50 or more employees for each working day during each of the 20 or more calendar work weeks in the applicable calendar year.

## FACTUAL ALLEGATIONS

8. Plaintiff Moore worked for GPS for approximately eight years, up until her unlawful termination on February 13, 2017.

9. At the time of her termination, Ms. Moore was employed at the Mobile, Alabama Moffett Road location (BK #3818) as a Shift Manager. During her employment with GPS, Ms. Moore rarely asked for time off and was always a reliable and enthusiastic employee.

10. In early February, 2017, Ms. Moore's mother was hospitalized with a serious medical condition and given a grim prognosis. Ms. Moore informed her District Manager, Sheila (LNU), of her mother's condition and asked for time off to care for her. Sheila directed Ms. Moore to coordinate with her immediate supervisor, Chanivia Owen.

11. Ms. Moore did as instructed, informing Ms. Owen of her mother's illness and her need to take time off to care for her. She asked for one week off, and asked Ms. Owen to inform her (Ms. Moore) of what paperwork she needed to complete.

12. On February 9, 2017, Ms. Moore also asked District Manager Sheila (LNU) about completing the necessary paperwork to have her leave approved. Sheila mentioned FMLA paperwork but never provided it to Ms. Moore, despite Ms. Moore's repeated requests for her to assist her in ensuring that the proper paperwork was completed.

13. Ms. Moore was never provided with the requested FMLA paperwork.

14. Instead, almost immediately after her request for leave, Ms. Moore was falsely accused of stealing a deposit that had been discovered missing, despite the fact that Ms. Moore was not present when the deposit went missing.

15. On February 13, 2017, Owen terminated Ms. Moore's employment. No reason was provided for her termination.

16. As the result of the Defendant's conduct, Ms. Moore was deprived of income and other benefits due her. She also suffered embarrassment, humiliation, inconvenience, and mental distress.

17. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and this suit for a declaratory judgment, backpay with interest, an injunction, and liquidated, compensatory, and punitive damages is her only means of securing adequate relief.

18. Plaintiff is suffering and will continue to suffer irreparable injury from the Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

## COUNT I

## INTERFERENCE AND RETALIATION IN VIOLATION OF THE FAMILY MEDICAL LEAVE ACT OF 1993

19. Plaintiff realleges and incorporates by reference paragraphs 1 through 18 above with the same force and effect as if fully set out in specific detail herein.

20. As set forth herein, Plaintiff was an eligible employee under the FMLA in that she worked for more than 12 months and had worked more than 1250 hours of service within the preceding 12 months and had worked at a location where at least 50 employees were employed within a 75 mile radius.

21. As a result of her mother's serious medical condition, Plaintiff requested family medical leave from the Defendant.

22. Defendant refused to grant Plaintiff the requested leave or provide her with the requested paperwork.

23. Because of her request for FMLA leave, Defendant retaliated against Plaintiff, as set out herein.

24. As set out herein, Defendant interfered with Plaintiff's rights under the FMLA.

25. In retaliation for exercising her rights under the FMLA, the Defendant subjected the Plaintiff to unlawful employment actions including, but not limited to, terminating her employment.

26. The Defendant intentionally, maliciously, and with reckless indifference interfered with Plaintiff's rights under the FMLA and retaliated against the Plaintiff in the terms, conditions, benefits of her employment including, but not limited to, refusing to grant her FMLA leave, refusing to provide her with FMLA paperwork, and terminating her employment.

27. The Plaintiff seeks to redress the wrongs alleged herein in this suit for lost wages, lost benefits, an injunction, a declaratory judgment, compensatory damages, liquidated damages, attorneys' fees, costs, and expenses. The Plaintiff is now suffering and will continue to suffer irreparable injury from the Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the Defendant are violative of the rights of the plaintiff, as secured by the Family and Medical Leave Act of 1993;

2. Grant Plaintiff a preliminary and permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys, and those acting in concert with the Defendant and at the Defendant's request, from continuing to violate the Family and Medical Leave Act of 1993;

3. Grant the Plaintiff an order requiring the Defendant to make her whole by awarding her instatement into the position she would have occupied in the absence of the unlawful acts by the Defendant with the same seniority, leave and other benefits of the position (or front pay), back pay (with interest), and by awarding each liquidated, compensatory, punitive, and/or nominal damages, attorney's fees, costs, and expenses;

4. Grant Plaintiff a preliminary and permanent injunction pursuant to 29 U.S.C. §2617(1)(B) directing the defendant to reinstate all of Plaintiff's employment benefits, including but not limited to her health insurance and retirement benefits, retroactive to the date of their cessation;

5. Enter a judgment pursuant to 29 U.S.C. §2617(a)(1)(A)(i)(II) against the Defendant and in favor of the Plaintiff for the monetary losses Plaintiff sustained as a direct result of the Defendant's termination of Plaintiff in violation of the FMLA;

6. Grant Plaintiff such other relief as justice requires.

**THE PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully Submitted this 9th day of November, 2016:

___/s/Abby M. Richardson_____
Abby M. Richardson (RICHA3209)
**RICHARDSON LAW FIRM, LLC**
118 North Royal Street
Suite 100
Mobile, Alabama 36602
251-338-1695
abby@richardsonlawllc.com

*Counsel for Plaintiff*